UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

EDGAR JOSE GIL-BLANCO,

                Petitioner,

v.

KEVIN RAYCRAFT et al.,

                Respondents.

_____/

Case No. 1:26-cv-1495

Honorable Jane M. Beckering

**OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a counseled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**Discussion**

**I.     Procedural History**

In Petitioner's § 2241 petition, he challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner or provide Petitioner with a bond hearing where the government bears the burden of proof by clear and convincing evidence that Petitioner is a flight risk or danger to the community. (Pet., ECF No. 1, PageID.16.) In an Order entered on May 4, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus should not

be granted. (Order, ECF No. 4.) Respondents filed their response and a recording of the February 12, 2026 bond hearing on May 13, 2026, (Resp., ECF No. 5; Recording of Feb. 12, 2026 Bond Hearing, filed on May 13, 2026), and Petitioner filed his reply on May 19, 2026, (ECF No. 6).

## II.    Factual Background

Petitioner is a citizen of Colombia who entered the United States in 2022. (Pet., ECF No. 1, PageID.2.) On January 7, 2026, Petitioner was arrested by ICE. (*Id.*)

On February 12, 2026, Petitioner had a bond hearing before the Detroit Immigration Court. (*Id.*) The Immigration Judge (IJ) denied bond because, "The Court finds that Respondent failed to demonstrate that the Court has jurisdiction to reconsider his custody status and therefore the Court would decline to set bond. See Matter of Hurtado, 29 I&N Dec. 216 (BIA 2025)[.]" (Order of the IJ, ECF No. 5-5, PageID.62.) "In the alternative, if the Court were to find jurisdiction, the Court would deny [Petitioner's] request for reconsideration of his custody status." (*Id.*) The IJ's order further states that "An alien requesting a redetermination of his or her custody status under section 236(a) 'must establish to the satisfaction of the Immigration Judge and the Board that he or she does not present a danger to persons or property, is not a threat to the national security, and does not pose a risk of flight.' Matter of Siniauskas, 27 I&N Dec. 207, 207 (BIA 2018)." (*Id.*)

On March 9, 2026, Petitioner filed a § 2241 petition challenging the February 12, 2026 bond hearing in *Gil-Blanco v. Raycraft* (*Gil-Blanco I*), No. 1:26-cv-770 (W.D. Mich.). In *Gil-Blanco I*, the Court dismissed Petitioner's petition for a writ of habeas corpus without prejudice because he did not raise any constitutional claims regarding the February 12, 2026 bond hearing. Op. & Jud., *Gil-Blanco I*, (W.D. Mich. Apr. 22, 2026), (ECF Nos. 9, 10).

## III.   Analysis

Respondents argue that the Court should deny Petitioner's § 2241 petition due to a lack of jurisdiction and Petitioner's failure to exhaust Petitioner's administrative remedies, as well as on

2

the merits. The Court has fully addressed these issues and Respondents' arguments in *Soto-Medina v. Lynch*, 817 F. Supp. 3d 612 (W.D. Mich. 2026). Therefore, for the reasons set forth in *Soto-Medina*, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**IV.     Other Claims and Other Forms of Relief**

Because the Court will conditionally grant Petitioner's § 2241 petition as set forth herein, the Court does not address other claims and other requested relief in Petitioner's § 2241 petition.

<u>**Conclusion**</u>

The Court will order Respondents to provide Petitioner with an individualized bond hearing before an immigration judge, at which time the government will have the burden to demonstrate dangerousness or flight risk by clear and convincing evidence, within five business days and with notice to the Parties as soon as practicable, no later than 24 hours prior to the scheduled hearing, or, in the alternative, immediately release Petitioner from custody. The Court will also order Respondents to file a status report within six business days of the date of this Court's Opinion and Judgment to certify compliance with this Opinion and the corresponding Judgment. The status report shall include if and when the bond hearing occurred, if bond was granted or denied, and if bond was granted, the conditions of the bond, or if bond was denied, the reasons for the denial.

Dated:        May 29, 2026                        /s/ Jane M. Beckering
                                                  Jane M. Beckering
                                                  United States District Judge

3